The next argued case is number 16, 1322, Carraway and others against the United States. Mr. Cunningham. May the court please, I'm Gerald Cunningham and I'm representing the appellants and as you know it's a jurisdiction case from the Court of Federal Claims and I represent the 20 clients that have one thing that's a problem from the beginning. Please speak up a little. One thing that's been a problem from the beginning is at no time have the people involved been advised of the reason for not being paid, they've not been advised of the decision maker, the decision making process, the reasons. What's their theory as to why they should be paid? Did the government promise to pay them? Yes, sir. But if that's just a promise without being incorporated to agreement with consideration, why is that binding on the government? Well, I think it comes under the 1998 release by the administrator of the FAA who promised fair treatment and equal treatment to these people that the bargaining unit employees received. Well, so there was an agreement with the bargaining unit employees. There's no question that that's binding. And if the government says we're unilaterally going to extend that agreement to these supervisors, why is that binding on the government when it changes its mind later on? Well, when they agreed to it after the fact, number one, so in March or April, based on the release by the original administrator Garvey, in March and April, they notified them we're extending the terms of that agreement to everybody, bargaining unit and non-bargaining unit. I believe then it became binding. Why? Because they'd already worked, they'd already earned the money, they worked the same as the other people that got paid. Same thing. They all worked in 2002 and 2004. And if you're sitting there and you worked in 2002, 2004 for the United States of America, and then it comes to you and says, we were wrong, we made a mistake by not paying you. Now you need to be paid. I think that's binding. I mean, that's what an employee does. That's what the government does. That's what the beginning of the paragraph of their personnel management system says, fair and equal, equal, fair treatment, fair treatment. Was it a contract? I mean, what the, my understanding, you're trying to pitch your claim on right to money through a money man, what you viewed to be a money mandating regulation. And this is not a signed contract between. Well, neither did anybody else have a signed contract. Right, so it's not quantum Maryland or something. There was a settlement originally, right? All right. The settlement was for. For not paying them in 2000, 2004. Then they came and they said, everybody should have been paid. They admitted that. They said, everybody should have been paid. Then somehow 20 people don't get paid. Well, they, everybody should get paid. And the people who were still working there who were not in the bargaining unit got paid. But the people in the bargaining unit, non-bargaining unit who had retired, then didn't get paid. Then the theory was, well, the reason why we're not paying them is the reason why we're paying the others is for a morale booster. It'd be pretty bad for morale if the non-bargaining unit people didn't get paid when the others did. But they said, well, as for people who've retired, there isn't the same morale issue because they're gone. We're not trying to keep current employees happy. I, with all due respect, I disagree with that interpretation. That's what I understood to be the rationale. No, the rationale was stronger than that. When that statement came out by Administrator Garvey, she said, in order to be fair, the background of that is they just signed the NACA agreement. Then they came out with the personnel management system. The personnel management system did not cover any managers or supervisors or staff people. I mean staff people and managers. Administrator Garvey had some problems and she comes out and says, we realize that we did not take care of the managers and staff people in these busy facilities or all the air traffic control. And she says, to correct this, we will extend the terms of any NACA agreements to the managers and staff people. So from 1998 on, the managers and staff people, the only relief they had, because they were not included in the personnel management system and the NACA agreement, the only, they worked all this time under that 1998 promise, commitment by Ms. Garvey, the administrator. Now, the administrator is the only one that can determine the pay and the personnel management system. So we've had Mr. Henson, Administrator Henson in 1996, wrote the original personnel management system. In 1998, we have Administrator Garvey say, we have not been fair to the managers and the supervisors and the staff people. We have not been fair. We're extending it and we are telling you we're going to pay you this. In 1998. So everybody works in those positions from 1998 on saying, I've got the same protections as these other people do. Now we have a case in 2011 where it has a chance to prove itself. And they call these people up and they say, you're getting paid just the same as everybody else. Then two months later, the manager of the facility calls and says, I don't know why you're not getting paid. Now, understand what Judge Clevenger said about it was because they were retired. Well, keep in mind, you had the bargaining units employees that were fired, terminated for cause and not working at the time, all got paid because they worked in 2000, 2004. At the time this promise was made, were all these people retired? No, they were all working. They were working. When did they retire? Well, it was years later. There's 20 people that had over 30 years average with the government. They were their senior managers and they started retiring, I would say, in the 2000s probably. They had all worked under that system for quite a while. So when the determination was made to reverse the promise, they were retired? Yes. When they retired, that had already been made. I mean, they had worked under that promise for quite a while. But the problem is not only- I mean, so is your theory that by continuing to work, that created a binding agreement? Yes, absolutely. That's what she said when she wrote the thing. If you read the Garvey letter, it went worldwide to all the ATC people. It was a commitment to them. It said, we neglected to cover you here. So we, the agency, are covering you from now on, period. So these people worked. And then when I first came on, some of them said, we've got- this is totally different. We didn't know what happened. We thought we were covered. But then the problem is not only that, but when you turn around and say, we're not going to pay you. They don't tell them direct, any of them, except a manager friend in Atlanta did. When we tried to find out why they weren't paid, we were told, we don't know. It wasn't like Judge Clevenger thought that it's because they were retired. They wouldn't even admit that because if they did, then they know they'd probably have different type cases against them. They didn't tell them at all. And so they had no way to know anything, no grounds. And the way the government works, this is built into the government. I'm sorry. I just feel very strongly about that. I think that these people are right. And they really should have had something to be able to go ahead and find a place to take their case. And that's where we are here now. And what happens now, if this is the- I see the end of the rope. If they can't get back into the system for someone to listen to the merits of this thing, just someone, and maybe knock them out. Maybe they can come in and say, we had a valid reason. The valid reason was, it was a money thing. Boom. Then you decide whether you can go after them or not. Or we had this, or we had that. But when they turn around and take people with 30 plus years working, and they won't tell them why, then they come out and said, we have no records of why the decision was made. We don't know who made it. And it said, it was all done orally. No records. Now, to let them slip through under that terms, I just- it's rewarding an agency, and we set a terrible precedent, I think, for future government agencies to be able to take an act like that. There's been talk below about, in previous court, about going to the MSPB. That would have been fine. If you go to the MSPB, the first thing you get, no matter what agency you're in, you get a notice, who the decision maker was, and what your appeal rights with the MSPB are. That's a requirement of all government agencies. So if the agency contends that, well, they should have gone to the MSPB, then they were bound, bound to tell them all of these different steps they had to take. So if the worst comes to worst, if the agency wants to take a position, the board should be the one involved, then they should be allowed to go to the board as- Do you have a cause of action at the MSPB? Could you bring an action at the MSPB? Could you bring an action at the MSPB? No, sir, I don't think so. Why not? I've done a tremendous amount of them, and I don't- you have to have, first of all, the board has to have jurisdiction. This decision of no jurisdiction wasn't a decision on the merits. What would preclude you from filing a suit in the MSPB? Because we still don't have the information. We don't know what they were fired for. If you go to- The argument that you're making to me here now in a court of federal claim setting sounds to me more like the kind of argument I hear in MSPB cases, that there was an agency violated its duty to do X, Y, and Z, and that's how you pitch your case. Well, sir, with all due respect to the MSPB cases that I've been involved in and what's allowed, I just don't think that's the case. They're all involving removals. They're all involving 14 days or more. The law is pretty set on it. You're saying this isn't an adverse action? It's a breach of contract. And it's not covered. And it's just not covered. Okay. Let's hear from the government. Ms. Riggs? May it please the court? This court should affirm the court of federal claims- So what about- Suppose the government has said to these employees, if you continue to work as supervisors for the FAA, we will make good and pay you the same back pay that we're giving to the Collective Bargain Unit employees. Would that create a contract? No, Your Honor, that would be a unilateral- Really? You say, if you continue to work, we'll pay, we'll give you the back pay. That's not a contract? It could. It could potentially be a contract. But in this case, Your Honor, these plaintiffs were retired by the time that the decision to pay- But they weren't retired when the promise was made, right? Which promise, Your Honor? The promise to treat them the same way as the Collective Bargain Unit employees. They were not retired when the 1998 letter was issued that said we are extending the Collective Bargaining Agreement to all of the supervisors and other managers. But they were retired when the settlement agreement was extended to all of the current managers. So if they were currently employed and the government said to them, if you continue to work, we'll treat you the same way as the CBU employees, that would be a contract, right? If they were currently employed, they would have been covered under the extension of the settlement agreement. I don't understand what you're saying. I thought that was exactly the promise, was that they would be treated the same way as the CBU employees. They were told that they would be paid at the same- As the FAA transferred from the GS system to the PMS system, which does cover supervisors and managers, the Collective Bargaining Unit and the FAA made an agreement that determined levels of pay based on air traffic at certain facilities. And when they made that agreement, the FAA did say that we would extend that agreement to the managers and supervisors. We will also determine the level of pay based on the amount of air traffic. So the 1998 agreement said they will be paid the same, but it did not extend all future agreements that the bargaining unit may have come to with the FAA. And it did not bind the FAA on this specific bargaining unit as it came 15 years... This specific agreement as it came 15 years before that agreement. The plaintiffs are not part of the bargaining agreement and they're not third-party beneficiaries of the agreement. And the plaintiffs here have not brought their grievance through the PMS procedures, which is the only authorized way that the FAA may... They couldn't do that. They're not a CBU employee, right? They could do it under either the grievance procedure or the appeals procedure of the PMS, which covers non-Collective Bargaining Unit employees. So they could have... Both the grievance procedure and the appeals procedure cover non-CBU employees? Yes. But isn't that for adverse action appeals? The grievance... Rather than the failure to make good on a promise? The grievance procedure covers any matter that... Of personal dissatisfaction that is under the control of the FAA. And I feel that this would fall under that cause of action. They could have said, why aren't you saying? This is a personal dissatisfaction claim? Not being paid money that they were not promised to... That they were not promised and that they were not part of an agreement to. So you're saying that any PAC pay claim has to be brought through this procedure? Yes, under Section 9A. What's the authority for that? The authority that when Congress delegated to the FAA the ability to implement the personnel management system, they said in that statute in 49 U.S.C. 40122 that FAA employees may bring a grievance through the CBA if they are CBEU employees. They may go through the internal processes that the FAA sets up or they may go to the MSPB if they have a cause of action under the MSPB. But it doesn't say they can't go to the Court of Federal Claims if there's a breach of an agreement, right? Well, Your Honor, for two reasons. They can't go to the Court of Federal Claims under the PMS because the PMS vests jurisdiction exclusively in other forums. The grievance procedure goes through the FAA and is unreviewable. The appeals procedure can be appealed to the Courts of Appeals for the circuits and the MSPB obviously comes to this Court. See, I would have thought you were arguing, well, they disclaimed bringing a contract claim. This isn't a contract claim. If they had a contract claim, they could bring it in the Court of Federal Claims, but this is a contract claim and they can't bring it under the PMS procedures. I would have thought that would be your argument. Right, and that is correct. They did bring a contract claim in their first complaint and they dropped it when we filed a motion to dismiss and they amended it to say that the PMS is a money mandating statute and they've proceeded on that claim. But I would agree with Your Honor that it does seem as though they are bringing a breach of contract claim and that it's not valid in the Court of Federal Claims because A, they didn't have a contract and B, there's jurisdiction exclusively in other forums. Yeah, I'm not sure you're right about the second part of that. Go ahead. Plaintiffs could have used the grievance procedure under Section 4A or the appeals procedure under Section 5A. Which would mean you'd argue that they didn't have a remedy under that either, right? The plaintiffs argued that? You would argue that. They can't get the back pay under the PMS procedures according to you, right? They cannot get the back pay under Section 9A because they haven't even used the PMS procedures. But if they had, you'd argue they couldn't get any relief, right? It would, Your Honor, I feel like I can't answer that question. They haven't brought a claim under the PMS and the Section 9A only applies to authorizations of pay if under one of the PMS procedures an employee has a decision or settlement agreement that finds they've been the subject of an unjust or unwarranted... It sounds to me as though you're saying they should have pursued an illusory remedy. That's not the case, Your Honor. They completely ignored the personnel management procedures that were in place. They didn't try to go to the MSPB. And instead, they tried to shoehorn themselves into a settlement agreement between the Collective Bargaining Unit and the FAA, to which they're not a party and to which they're not third party beneficiaries. So they don't have a claim based on that. You're saying that's the case they presented and they lose on the merits. They didn't present some other case. That's correct. They did not bring a breach of contract case and the case they did bring cannot be brought in the Court of Federal Claims. Did they have a cause of action now? This ruling is a jurisdictional ruling, right? That's correct. And what would preclude them from going to the MSPB? Well, it's difficult to say because it's kind of unclear what they're actually arguing, what their claim would be. And so if they could go to the MSPB or not, would just would depend on how they would frame their claim. Denial of pay to which they're entitled. That is a potential claim they could bring. Right, I mean, if an agency just stops paying, say you work in the Justice Department, they just stop paying your check. Don't you have a cause of action at the MSPB? Say you have an adverse action, they stop paying you? I would think so, yes. Really? I'm not aware of any cases that say that the MSPB has breach of contract authority. That's correct, they don't. They would have to frame it as a reduction in pay or... It's not actually clear because it's not actually clear what they're arguing. It seems that they are bringing a breach of contract claim. And a breach of contract claim cannot be heard in the Court of Federal Claims in this instance  Federal employees are appointees that are not... These plaintiffs would have to be appointed to the higher level positions before they would be entitled to any pay. And they were not appointed and they would have to get a retroactive promotion in order to be entitled to the pay from 2002 to 2004. They haven't done that. They have no claim for presently due money. And for that reason, as well as the reason that the PMS procedures are exclusive, this court should affirm the lower court's dismissal for lack of jurisdiction. Any more questions? Thank you. Thank you, Ms. Hicks. Come in, you have your rebuttal time for three minutes. A few points, Your Honor. The 1998 agreement... Breach of contract claim. And now you sound as though you're trying to assert a breach of contract claim. That's a problem, isn't it? No, I don't think so. I think it was more... We didn't know where we were going because we had no information was primarily the reason that we were changing. And we probably wouldn't be changing today. I don't think so. But it's awful hard when nobody will tell you why they're doing the thing. Now, the problem we have... Counsel pointed out the 1998, it wasn't an agreement. The 1998 was a commitment by the FAA administrator. It wasn't an agreement saying we will cover all future agreements. It was a commitment by the administrator saying we will cover all NACA awards and procedures and treat you the same way. Now, it takes a second administrator to change that. And that was never changed. That's the point about that. When they say that, oh, that didn't apply to just that NACA agreement. She wasn't talking about a NACA agreement over disagreement. She was talking about when they formed the NACA basic contract creating the FAA, the new system. The administrator, Garvey, said, uh-oh, this new system does not incorporate these other people. So two years later, she came out and said, to be fair, the new system will take care of these new people from now on. She wasn't talking about an agreement where two people sat down. This was an FAA commitment, not an agreement. The next thing is when she says she doesn't know what we're going on, paragraph 9A in the personal management system is quite clear. It says any settlement under a collective bargaining agreement warrants back pay if it's signed off by an official. Now, this claim is based on that paragraph of the PMS. And that is in the back pay section. The FAA has its own back pay act, basically. In the back pay section, it says, if you were affected by a wrong decision and an official of the FAA comes in and says, this was wrong, we're going to pay them. They don't have to be promoted. They don't have to be appointed. They already worked. And the FAA is saying, you worked already, so we're going to pay you. So that argument doesn't go at all. But the thing is, they had the basic paragraph 9A covers them all the way. And to say that, well, they can't take an action under 9A because they were not with the union. They didn't have to be. They were affected by something and an official of the FAA in 9A said, we were wrong, we're going to pay these people. That was enough for them right there. They were acting under the PMS, period. That's all. I think I've covered the rest in the reply brief of some disagreements we have on the procedures. Thank you. Okay, thank you. Thank you both. The case is taken under submission.